Georgia Malone & Co., Inc. v E&M Assoc. (2022 NY Slip Op 06320)

Georgia Malone & Co., Inc. v E&M Assoc.

2022 NY Slip Op 06320

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Kennedy, Mendez, JJ. 

Index No. 150660/14 Appeal No. 16628 Case No. 2021-04026 

[*1]Georgia Malone & Company, Inc., Plaintiff-Respondent-Appellant,
v
E&M Associates, et al., Defendants-Appellants-Respondents.

Sadis & Goldberg, LLP, New York (Douglas R. Hirsch of counsel), for E & M Associates, Irving Langer, Scott Katz, Chaya Lederman, Aryeh Ginzberg, Lia MM LLC, Zaidys Manhattanville LLC, LL Manhattanville LLC, AZG Manhattanville LLC, Manhattanville Holdings LLC, AZG II Manhattanville LLC, Manhattanville Member II LLC, Manhattanville Member LLC, Manhattanville Mezz LLC, 120-126 West 112 LLC, 138-140 West 112 LLC, 131-133 West 112 LLC, 302 West 112 LLC, 306-310 West 112 LLC, 143 West 111 LLC, 146 West 111 LLC, 303-305 West 111 LLC, 301 West 111-2051 8 LLC, 2059 8 LLC, 311 West 111 LLC, 1829-1835 7 LLC, 2010 7-201 West 120 LLC, 2099 8-301 West 113 LLC, 306-310 West 112 LLC, 143 West 111 LLC, 146 West 111 LLC, 303-305 West 111 LLC, 301 West 111-2051 8 LLC, 2059 8 LLC, 311 West 111 LLC, 1829-1835 7 LLC, 2010 7-201 West 120 LLC, 2099 8-301 West 113 LLC, 345 Manhattan Holdings LLC, 17-25 St Nicholas LLC, 6 Morningside LLC, 65-67 Lenox LLC, 105-109 West 113 LLC, 113-115 West 113 LLC, 140 West 113 LLC, 305-309 West 113 LLC, 300 West 114-2107 8 LLC, 350 West 115 LLC, 117-129 West 116 LLC, 133-135 West 116 LLC, 141 West 116 LLC, 230 West 116 LLC, 153-157 Lenox Holdings LLC, 243 West 116 LLC, 239-241 West 115 LLC, 247-253 West 116 LLC, 255-259 West 116 LLC, 337 West 138 Holdings LLC, 161-171 Morningside LLC, 373 West 126 LLC, 35 Morningside Holdings LLC, 370-372 West 127 LLC, 376 West 127 LLC, 510 West 146 LLC, 617 West 143 Holdings LLC, 164-172 West 141 Holdings LLC, 638 West 160 Holdings LLC, 655 West 160 Holdings LLC, 145-153 Edgecombe Holdings LLC, 610-620 West 141 Holdings LLC, 557-561 West 149 Holdings LLC, 1728-1730 Amsterdam LLC, 707 St. Nicholas LLC and 770 St. Nicholas LLC, AZG Manhattanville LLC, Manhattanville Holdings LLC, appellants-respondents.
Tatko Law Firm, PLLC, New York (Travis Tatko of counsel), for Michael Langer, appellant-respondent.
Claude Castro, New York, for respondent-appellant.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about October 4, 2021, which, insofar as appealed from, denied plaintiff's motion for summary judgment dismissing defendants' first, second, and third counterclaims, and thirteenth affirmative defense, and directed that plaintiff is judicially estopped from raising certain arguments about the relevant agreements and transaction, and denied defendants' motion for partial summary judgment on their first, second, and third counterclaims, and for sanctions, unanimously modified, on the law, to grant dismissal of the third counterclaim, for fraud upon the court, and otherwise affirmed, without costs.
Nonparty Baruch Singer, owner of 87 buildings in Upper Manhattan, who was facing foreclosure on those properties upon the maturation of certain senior mortgages, engaged plaintiff Malone, pursuant to a series of agreements entered into May 2013, to broker a termination/unwind of a purchase option held by one of Singer's lenders. On November 14, 2013, the unwind transaction was completed following, and as a result of, the closing of a sale of the properties to defendant real estate syndicate, and, in connection with that, Singer paid plaintiff a $2.45 million broker's commission.
In this action, plaintiff Malone, who in August 2012 entered into an agreement with defendant E&M Associates pursuant to which E&M would pay a broker's commission in connection with its purchase of the Singer properties, seeks to collect a commission in the amount of $3.5 million. Defendants have asserted a first counterclaim alleging that the $2.45 million commission Singer paid plaintiff constituted, in part, a broker's commission for Malone's brokerage work on behalf of Singer in selling the properties, and by acting as a dual agent representing both defendants as buyers and Singer as seller in connection with the sale of the properties, Malone breached its fiduciary duty to defendants and forfeited its right to be paid the commission the buyers had agreed to pay. Defendants' second counterclaim alleged that plaintiff fraudulently induced defendants to enter into the E&M commission agreement by failing to disclose that it was working as broker for the owner on the sale of the properties. Furthermore, defendants' third counterclaim, for fraud upon the court, alleged that contrary to statements Malone's principal made in a separate action (Galanter v Georgia Malone, et al, Index No 650734/2014), the $2.45 million commission Singer paid plaintiff was exclusively for its work negotiating the unwind transaction and not based in any part on work performed as Singer's broker on the sale of the properties, which Malone denies performing.
Plaintiff argues it is entitled to summary judgment dismissing the counterclaims because the plain language of the relevant agreements, as confirmed by the record evidence, establishes that plaintiff was paid a commission by Singer for work negotiating the unwind transaction [*2]and that it did not act as Singer's broker on the related sale of the properties and was not paid any commission as such. Defendants argue that the agreements are ambiguous and that the record, including the relevant statements previously made by Malone that she is judicially estopped from contradicting, establishes, as a matter of law, that she acted as Singer's broker and was paid a commission as such. We find that even if plaintiff is judicially estopped from contradicting Malone's prior statement that the unwind and the sale were a single transaction, her prior statements, including that one, did not, in fact, constitute a clear admission that the commission paid by Singer was based, in any part, on work plaintiff performed as his broker on the sale of the properties. Unresolved issues of fact exist with respect to whether plaintiff, in connection with the property sale that allowed for the completion of the unwind transaction, was ever retained by Singer to act, or otherwise performed actions that resulted in acting, as broker on the sale, and as to whether the commission paid to plaintiff by Singer was paid exclusively for plaintiff's work in negotiating the unwind agreements and not based on any brokerage work performed in connection with the related sale.
Accordingly, the court properly declined to dismiss or grant summary judgment on the first and second counterclaims, and its judicial estoppel ruling does not preclude plaintiff from arguing that the commission agreement with Singer and the commission paid by Singer was specific to plaintiff's negotiating the unwind agreements and transactions, and not based on any brokerage work performed in connection with the sale that completed the unwind. However, defendants' third counterclaim, for fraud upon the court, should have been dismissed, as the statements made by plaintiff in this action that defendants allege are in complete contradiction with sworn testimony in the Galanter action are not perjurious, intentionally false, or completely contradictory, and do not provide a prima facie basis for this counterclaim (see CDR Creances S.A.S. v Cohen, 23 NY3d 307 [2014]).
We have considered the remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022